# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT BROWNLEE, Jr., | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 18-cv-2156-JBM |
| | ) |
| THOMAS P. SCHNEIDER, et al., | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at the Taylorville Correctional Center, pursues a § 1983 action alleging deliberate indifference and excessive force at the Macon County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On June 13, 2017, Plaintiff was involved in an altercation with another Jail inmate, Christopher Neal. Plaintiff claims that after the altercation, he was not taken to the Jail health care unit, but rather, to the intake area. There, he allegedly waited three hours before receiving medical attention. Plaintiff claims that his need for attention was obvious as he was bleeding and had contusions and "unknown injuries." He also complains that he was charged a $17 co-

1

pay. Plaintiff claims that while he was waiting to be seen, seven Unknown Correctional Officers exerted excessive force by taunting him for having his "ass beat" in the altercation.

Plaintiff names Sheriff Snyder, asserting that he was deliberately indifferent to a substantial risk that Plaintiff would suffer serious harm. Plaintiff does not assert, however, that the Sheriff was present, or aware he was injured. Plaintiff also asserts that the Sheriff is liable for failing to provide sensitivity training to the officers, and failing to have a policy to prevent officers' harassment of inmates.

Plaintiff asserts that Defendant Sergeant Reynolds, too, was deliberately indifferent for not disciplining the officers who did not provide him medical care. He claims, also, that Defendant Reynolds is also liable for officers' verbal harassment of Plaintiff.

**ANALYSIS**

As Plaintiff was a pretrial detainee during the events at issue, his medical deliberate indifference claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). Under the Fourteenth Amendment standard, a pretrial detainee need establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). In other words, that defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 2018 WL 3796482, at *12.

Here, Plaintiff fails to plead that waiting three hours for medical treatment posed an excessive risk to his health or safety. While he claims he was bleeding, he offers no details as to the amount of blood, or the source from which he was bleeding. Plaintiff's other claims, that he sustained contusions and "unknown injuries" do not plead circumstances where Defendants "knew or should have known" of an excessive risk to him. Plaintiff provides such a paucity of information that it is not clear that a three-hour wait to receive medical treatment was unreasonable, under these circumstances. Similarly, Plaintiff's complaint about the medical co-payment fails to state a constitutional claim. *Scott v. Rector*, No. 13-16, 2013 WL 607717, at *1 (S.D. Ill. Feb. 19, 2013) ("[a]n inmate's constitutional rights are not violated by the collection of a fee for prison medical or dental services.") Plaintiff's deliberate indifference claim against the Unknown Correctional Officers is dismissed, with leave to replead with more specificity.

Plaintiff also alleges that the Unknown Correctional Officers engaged in excessive force by taunting him. The Defendants did not, however, apply any force at all to Plaintiff. Plaintiff's complaint is simply about verbal harassment which does not rise to the level of a constitution violation. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

Plaintiff asserts that Sheriff Schneider was deliberately indifferent to his medical needs, but has not pled a significant risk to his health or safety. This deliberate indifference claim fails for the additional reason that Plaintiff does not claim that the Sheriff participated in the alleged violation. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th

Cir.2001)). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Ames v. Randle,* 933 F.Supp.2d 1028, 1037–38 (N.D.Ill.2013) (quoting *Sanville,* 266 F.3d at 740).

Plaintiff also claims that the Defendant Sheriff is liable for the Officers' taunting because he failed to supervise and provide sensitivity training. As noted, the taunting does not arise to a constitutional violation. In addition, without more, the Sheriff is simply not liable for the actions of his subordinates. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (there is no of *respondeat superior* (supervisor liability) liability under 42 USC §1983). Defendant Sheriff Schneider is DISMISSED. Plaintiff's allegations that Defendant Reynolds was deliberately indifferent for not disciplining the officers, and liable for the officers' verbal harassment of him, also fail as it does not allege Defendant's personal involvement and fails to state a constitutional claim.

**IT IS THEREFORE ORDERED:**

1)   Plaintiff's complaint is dismissed in its entirety. Plaintiff will have 21 days in which to file an amended complaint. The amended complaint is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. Failure to file the amended complaint will result in the dismissal of this action.

2)   Plaintiff files [5], a motion for recruitment of *pro bono* counsel asserting that he sent letters to attorneys but received no response. He provides one handwritten letter he ostensibly sent to counsel which does not contain an address or identify to whom it was sent. The Court does not find this uncorroborated letter sufficient to establish that Plaintiff made a good faith effort to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

[5] is DENIED. In the event that Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.


  10/25/2018
ENTERED

                                                      s/Joe Billy McDade
                                                      JOE BILLY McDADE
                                          UNITED STATES DISTRICT JUDGE